against Austin. Okay, Ms. Clay, we have you live. You seem to be muted. Ms. Clay? Yes. Yes, please proceed. Okay. Good morning. May it please the court, my name is Robin Clay and I represent the appellant, Tamika Smithson, in this matter. I'd like to reserve three minutes for rebuttal, if that's okay. As an initial matter, I just want to make it clear that Mrs. Smithson is not, she's only appealing the disability and the failure to accommodate claims. She's not appealing the harassment and the race discrimination claims. I want to give you just a brief recitation of the facts. We know these facts inside and out. Don't waste your time doing that with us. Okay, then I wanted to just get straight to her failure to accommodate claim. Essentially, Mrs. Smithson has had an accommodation of being able to allow, to be allowed to use the first few hours of the day as a reasonable accommodation to help subside the effects of her disability. The effects of her disability are that she has difficulty sometimes walking, driving with her speech, her vision, her memory, and her balance in the morning, so she needs some time for those symptoms to adjust. And since 2010, she's requested and been approved for the accommodation of being allowed to use her first period as a teacher as her planning period at home, and then come to school for the second period of starting the second period of the day to go ahead and start instruction. Now, Mrs. Clay, I understand her to be arguing that she had regularly completed the planning period remotely from home without incident, and so performing that function in the school would not be essential. But what about that second hour that she regularly needed since 2018? Where in the record has she shown that she could complete the essential functions of her job if, on a regular basis, she cannot come in during the second hour? Could you zero in on that? Yes, so the second hour is actually, so school starts at 8.20. The teachers have to be there at 8 o'clock, so 20 minutes before. So the school has like a block schedule where, like, say, Mondays, the first period is 45 minutes, so 8.20 to 9.05. On Wednesdays, it may be 8.20 to 9.50. So some days it's 45 minutes, some days it's 90 minutes. So whether she did the 45 minutes or the 90 minutes, she's actually only missing still, as far as being there present, the first period of school. So she still is always there for the second period when she actually would start instruction. So there was no time period that they had to account for her not being there to teach, nor has she ever been cited for that, nor has that ever been brought to her attention. None of that has ever happened before. She's just been doing her first period of planning, which could change from 45 minutes to 90 minutes at home while she has her symptoms adjust. I think you're suggesting that she merely wanted to delay the start of her work day two hours, okay, implying that she would do some work at home in the morning, and then she would extend her day on the back end to make up for the time she missed in the morning. Correct. That is what she offered, is to do an alternate schedule where she would... Did she produce evidence that she could somehow make up for the morning delay with extended work at the end of the day? If that was an hour she would otherwise be teaching, how could that be possible, you see? So it's not an hour that she would otherwise be teaching. It's actually the hour that she would be doing her prep period. So it's her planning period. So she actually would not be teaching during that time. It's just instead of her doing her planning period at the school, she would be doing her planning period at home. So she wasn't actually missing any instruction time. But to the extent that they were concerned that she was, you know, there was a delay in her start, she had offered and had done, had stayed later after work to grade papers or do whatever. But she actually didn't miss any instruction time. It's just kind of that the instruction time was being done at home as opposed to in there at the school. So that was the issue there. So the Department of Defense argued that attendance is an essential function, and obviously we don't dispute that attendance is an essential function. What we've asked for and what Ms. Smithson has asked for is a modified work schedule. She's asked to just complete the beginning first period planning of her day at home where she can control the environment, she can control the lights, she can control the volume. But she's asking to get around the fact if attendance is an essential function, and she's asking not to attend for the first two hours of the day. How is she a qualified individual? Yeah, so what I'm asking the Department of Defense to do and the court to do is to recognize that the definition of a qualified individual with a disability and a reasonable accommodation is to accommodate the essential functions with or without an accommodate with two elements are to allow her to perform the essential functions with or without an accommodation. And Mrs. Smithson has been able to perform the essential functions with the accommodation. She's essentially asked for a modified work schedule. Was she asking for daily paid absences of an hour or two as the employer has suggested? No, she was not asking for additional paid leave. Or was she planning to work a full day between her time at home and her time in the school building? Yes, it was still going to be a full day. Like I said, the planning period would be at home. And so one of the arguments that I think is actually fascinating is that Mrs. Smithson is asking to start the day at home and take up to two hours because of that would be her sometimes her planning period. And they rejected that and asked her instead of taking the two hours, we want you to abide by this leave policy from 1987 and not take the two hours, but actually take a half day instead for any time that you want to use your reasonable accommodation. Am I wrong if I thought that it appears that the employer did try to have an interactive meeting with her about her needs? Did she ever suggest there were functions that she could perform remotely? Was she proposing to take the second hour of absence without pay? The employer said that she refused part-time work. Is that true? I mean, what would the record tell us? Well, because they asked her in the deposition whether she would agree to just come in, take the morning, the entire morning off, and just change her schedule to a part-time where she would just work the afternoon. But she didn't need to be off the entire day. She didn't need to change her schedule to a part-time day where she essentially misses the entire morning of teaching her students and only receives the afternoon. She just needed the morning prep period, which is the 45 minutes to 90 minutes per day to kind of adjust before she leaves. And I see, Your Honor, I'm actually past my time, so I'd like to yield now if that's okay. Thank you. Certainly, counsel. Ms. Fischer. May it please the Court. My name is Rachna Fischer, and I'm here on behalf of the Secretary of Defense. Ms. Mitson's Rehabilitation Act claims fail because she's not a qualified individual with a disability. As Ms. Mitson has conceded both during her deposition and in her briefing, attendance during school hours is an essential function of her job as a high school teacher. The purpose of a planning period is important here. The purpose of a planning period for teachers is to instruct and supervise students within the school building, to attend trainings, to engage in collaboration with other faculty members while they're not actively teaching. And she simply can't perform the functions of the planning period from home. Ms. Mitson has not— If she successfully performed her job for many years by performing the duties of the planning period from home, why was it essential that she be in the building for the planning period beginning in 2018? Would her successful use of an hour at home each morning for the planning period for, you know, between, what, 2010 and 2018, would that create a question of fact for a jury on whether it was truly essential to perform that work in the building? Your Honor, there is not a question of fact here. First, because Ms. Mitson admitted that attendance was an essential function of a high school teacher, she admitted that no other teacher should be allowed to do their planning period from home. She admitted that planning periods were used for collaboration and for training. So I think, based on that record and her admissions during her deposition, there is no question of fact here. And the record shows that her accommodation changed over the years. So when she first asked for an accommodation, she represented that she needed it infrequently, maybe 15 minutes. By the time she applied in 2018, she was asking for up to two hours every single day. And so, based on the reasonable accommodation that was sought in 2018, there's not a question of fact that she'd be able to perform the essential duties of her job as a teacher, even if she was adequately- Ms. Mitson argues that to the extent that collaboration and training were essential functions, that Villareal admitted that at the time of the change to her accommodation, Ms. Mitson was either performing those tasks because they had moved to the afternoon or was accomplishing those tasks at other times. So why would that admission not create a jury question on whether it was essential for her to be present in the first two hours of the morning? Respectfully, Mr. Villareal testified that although Ms. Mitson could perform her job while she was present in the building, she was not adequately performing those tasks. And he cited examples of times when the superintendent of schools came in for an in-person training at the beginning of the day, parent-teacher conferences which were scheduled for the beginning of the day that she was routinely missing, and missing out on collaboration. So while teaching is the primary function of a high school teacher, essential functions can be small portions of someone's job duties, but that are still essential, such as collaboration, training, and just fundamentally being in the building supervising students during school hours. And so Ms. Mitson has also not identified any accommodation that would enable her to be present during school hours, which is an essential function of being a teacher. Her requested accommodation to be given paid absences every day is not reasonable in its space, and it's the school's position that they are paid absences because it's the school's position that she can't perform the duties of the planning period from home. The work that she's performing outside of the school building is not equivalent to what she's supposed to be doing, such as setting up labs, being available to answer questions from fellow faculty members or students. See, I've been trying to figure out why if someone could do this, that if it was all right for all those years that suddenly she can no longer perform her planning period at home even though it worked fine for eight years, that would suggest that being in school for the planning period may not be so essential. Your Honor, taking Ms. Mitson's claims that allegations at face value, her allegations were that she could not be in the school because she was severely dizzy, nauseous, experiencing shifts in blood pressure, and reacting to side effects from medication, which is the reason why she couldn't be in the building. It's the position of the school that if that is taken as true, which the school must take those allegations as true, she can't be performing the duties of the planning period to any adequate degree if she's genuinely experiencing these extreme symptoms each morning. And so if the school was overly generous, and there's some ambiguity in the record, because when she requested the reasonable accommodations, she represented that it was something that was going to happen infrequently. In her 2015 reasonable accommodations, there was a notation that if she was going to take them, she was required each time to call the office and disclose that she was going to avail herself of her flexible duty reporting time. When she was shown this reasonable accommodation, what had been approved during her deposition, she denied that she was required to call in. And we actually had to take a recess during the deposition because she challenged the authenticity of her approved reasonable accommodations. She repeatedly stated, that was never in there. I wasn't required to call. And so there is an ambiguity in the record about whether she was actually informing the school of the times that she was availing herself of her flexible reporting time. So there's a question of how often she was using this. If the school was overly generous, if they were not keeping tabs on her, if they were not going to her with performance deficiencies, they should not be penalized when she came to the school in 2018 and asked for up to two hours off. And that's based on the court's precedent in Bassett and Van Zandt, where if an employer was overly generous in providing accommodations or didn't address the matter, it should not be penalized later on. And to the extent that she was not disciplined or given negative performance evaluations, that's not the appropriate thing to do if someone's reasonable accommodations aren't working. The appropriate thing to do is to reopen the interactive process, which is exactly what the school did. You know what I find really interesting? When the pandemic began and classes moved online, she moved into remote teaching and she's been doing that successfully. Your Honor, that's correct. And as soon as that became an option, the school eagerly accommodated her. But the demands of remote school, in a remote school, they're not required for the physical supervision of all those children within the building. So one aspect of being a teacher is to be there. The primary role of a teacher is to teach and educate, but they also have to supervise the children that are in their custody. And to the point that counsel made about why the school was willing to accommodate a four-hour leave and not a two-hour absence, it's because if she formally took a four-hour leave, they could engage a substitute. Substitute teachers are engaged in four-hour increments at the school. And so that underscores just how essential attendance is. If a teacher is absent, they need another physical person to take their place because attendance for a teacher is that essential. And so she took formal leave, formal sick leave. The school was able to have notice, to engage a substitute, to have coverage for that prep period and for her courses. But, you know, you've never really answered my question. Why was it okay for, you know, eight years and then suddenly it's not okay? Your Honor, I think the record shows that the amount of leave grew over those eight years. In 2018, she represented to her employer that she was becoming so dizzy that she couldn't even walk across the classroom anymore, which is a far cry from what she requested in 2010. So by the time based on what she was requesting in 2018, the leave she was requesting is simply not reasonable in light of the essential functions of her duty as a teacher. And so unless the court has additional questions, the Secretary of Defense asks the court to affirm and will submit on its brief. Thank you. Thank you, Counsel. Ms. Clay, anything further? Yes, Your Honor. First, I want to clarify, Ms. Smithson has never missed a parent-teacher conference. She's never been cited for missing one. And, in fact, the principal testified that she's very conscientious and has no information that she's ever had any parent complaints or anything about missing meetings with parents. Also, the Department of Defense now questions the validity of her disability, which is kind of a new argument. They've never questioned whether her symptoms are actually legitimate or not. I also want to correct the record that in 2010, Ms. Smithson never said, I only need 15 minutes. What she said is she used an example of 15 minutes of how she would change, she would account for the missed time. What she says was, I may miss some time in the morning, and if so, I'll make it up in the afternoon. For example, if I miss 15 minutes in the morning, I'll make up the 15 minutes in the afternoon. She never represented that she only needed 15 minutes' time off. Was she offering in 2018 to make it up at the back end? Yes, that's always been on the table, that she's willing to make it up on the back end. Another thing is that, like I said, the hypothetical or the speculation that she may miss a training or she may miss collaboration, those have not actually occurred. Those are things that the principal testified. For example, we've had a training where the superintendent was there, and if she missed that, that would be hard to duplicate. But there's no evidence that she's missed. He didn't keep track of any trainings. He never cited her for any missed trainings. They never had a discussion about missed trainings or about collaboration until this new change in the practice of the policy in 2018. And so nothing has changed in terms of her needing the first period as the planning period as a reasonable accommodation, except that the department now wants her to take four hours instead of taking that first hour of the planning period. So we just ask that the court and the DOD recognize that a reasonable accommodation is performing the essential functions with an accommodation. That still means you can perform the essential functions, and that means that you still are a qualified individual with a disability, and Mrs. Smithson is a qualified individual with a disability who can, who has, who will continue to perform her job satisfactorily with no performance deficiencies with a reasonable accommodation of a modified work schedule, and she can do the essential functions with that reasonable accommodation. Thank you, Your Honors. Thank you very much, Counsel. The case is taken under advisement.